## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**REBECCA BRYANT,**

      **Plaintiff,**

          v.

**CITY OF CINCINNATI FIRE
DEPARTMENT, et al.,**

      **Defendants.**

Case No. 1:24-cv-119

JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

The parties jointly move to file an unredacted copy of Exhibit 14 to Plaintiff Rebecca Bryant's deposition transcript under seal. The parties argue that there is good cause to file under seal because the exhibit contains the personal cellphone numbers of Bryant and others. As discussed below, the Court finds that the motion does not satisfy the controlling *Shane Group* standard and so **DENIES WITHOUT PREJUDICE** the Joint Motion to File Under Seal (Doc. 39).

A district court's decision to seal court records is reviewed for an abuse of discretion. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016)). But "the district court's decision [to seal] is not accorded the deference that standard normally brings." *Id.* (citing *Shane Grp.*, 825 F.3d at 306). So to avoid abusing its discretion, a district court must "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306

(quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

The Court must determine whether sealing is warranted even when the parties agree. *See Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016) (noting litigants cannot "waive[] the public's First Amendment and common law right of access to court filings" (emphasis removed)). So in response to a motion to seal, the Court must determine whether the movant overcomes the "strong presumption in favor of openness." *Brown & Williamson*, 710 F.2d at 1179. Accomplishing that is no small task. The movant must show "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306 (citations omitted).

The Sixth Circuit has repeatedly cautioned that "[o]nly the most compelling reasons can justify nondisclosure of judicial records." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 935 n.11 (6th Cir. 2019) (quoting *Shane Grp.*, 825 F.3d at 305). Beyond that, any sealing order also must be "narrowly tailored" to serve the reason asserted. *Shane Grp.*, 825 F.3d at 305. To meet this narrow tailoring requirement, the movant must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l v. Abbott Lab'ys.*, 297 F.3d 544, 548 (7th Cir. 2002)).

Put all that together, under *Shane Group*, the Court must determine whether the asserted confidentiality interests are compelling, whether the interests served by

sealing outweigh the value of public disclosure, and also whether the seal is narrowly tailored to protect those privacy interests.

Here, the parties contend that there is good cause to file an unredacted copy of the deposition exhibit under seal. (Doc. 39, #2057). They say that is so because the exhibit contains the personal cellphone numbers of Bryant and others, and there is a "compelling reason to seal documents containing personal identifying information." (*Id.* (citing *Hardesty v. Kroger Co.*, No. 1:16-cv-298, 2020 WL 3545676, at *2 (S.D. Ohio June 30, 2020))). The parties seek to file the entire exhibit under seal, with no redactions. (*Id.*).

That request fails to meet the controlling *Shane Group* standard. While the parties point to a potentially compelling interest—the privacy of the individuals whose information is listed—they fail to articulate how that interest outweighs the value of public disclosure and whether the proposed seal is narrowly tailored to that interest. That last point seems particularly relevant here. The parties provide the Court with no reason why the exhibit, for example, cannot be filed on the public docket with only the personally identifying information redacted. Indeed, it is unlikely that the Court would conclude that sealing the entire exhibit, as opposed to merely redacting the personal cellphone numbers, is the appropriate way to preserve any privacy interest in light of *Shane Group*'s narrow-tailoring requirement. Unless, of course, the exhibit consists of nothing but cellphone numbers. But the parties do not say that is the case.

In sum, as currently filed, the parties' motion does not come close to satisfying *Shane Group*'s standard. That said, it is possible that the document contains important privacy interests warranting sealing. In light of that, the parties may file a new motion to seal offering a more fulsome justification for their request, including discussion of the narrow-tailoring requirement. The Court intends to promptly review any such motion.

### CONCLUSION

For the reasons discussed above, the Court **DENIES WITHOUT PREJUDICE** the Joint Motion to File Under Seal (Doc. 39).

**SO ORDERED.**

April 10, 2026
 **DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**